UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William Jones, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 04-1690 (GK) |
| | ) |
| Drug Enforcement Administration, | ) |
| | ) |
|     Defendant. | ) |

MEMORANDUM OPINION

This matter brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part Defendant's summary judgment motion.

I. BACKGROUND

Plaintiff requested records maintained by the Drug Enforcement Administration about himself. In November 2003, Defendant informed Plaintiff that it had located 31 pages of information. It released 16 pages of information with redactions and withheld 15 pages of information in their entirety. Defendant invoked FOIA exemptions 2, 7(C), 7(D), and 7(F), see 5 U.S.C. § 552(b), and exemption (j)(2) of the Privacy Act, 5 U.S.C. § 552a, to justify its withholdings. Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The Court finds no basis for dismissing the case for lack of subject matter jurisdiction and therefore denies the Rule 12(b)(1) motion to dismiss.

## II. STANDARD OF REVIEW

The FOIA requires a federal agency to release all records responsive to a request. The Court has jurisdiction under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); see Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 139 (1980). On complaint, the agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980) (internal citation and quotation omitted); see also Maydak v. Department of Justice, 218 F.3d 760, 764 (D.C. Cir. 2000) (government has the burden of proving each claimed FOIA exemption).

The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

## III. DISCUSSION

Plaintiff does not challenge Defendant's withholding of codes and similar information under FOIA Exemption 2 and therefore concedes Defendant's adequate reasons. See Declaration of Adele H. Odegard ("Odegard Decl.") ¶¶ 17-19, 23-25.

Plaintiff appears to challenge Defendant's withholding of information under Exemption 7. See Brief in Opposition to Defendant ['s] Summary Judgment Motion at 3-5. Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information" would cause one of six enumerated harms. 5 U.S.C. § 552(b)(7)(A)-(F). It is undisputed that the responsive records were compiled as part of a criminal investigation, see Odegard Decl. ¶ 13, thereby satisfying the threshold law enforcement purpose. See Campbell v. U.S. Department of Justice, 164 F.3d 20, 32 (D.C. Cir. 1998) (quoting Pratt v. Webster, 673 F.2d 408, 419 (D.C. Cir. 1982)) (other internal citations omitted) (the threshold requirement is met upon a showing of "a rational 'nexus between the investigation and one of the agency's law enforcement duties,' . . . and a connection between an 'individual or incident and a possible security risk or violation of federal law' . . . ").

1. Exemption 7(C)

Exemption 7(C) protects from disclosure information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In determining whether this exemption applies to particular material, the Court must weigh the privacy interests of the individual mentioned in the record against the public interests in disclosure. Beck v. Department of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993); Stern v. FBI, 737 F.2d 84, 91 (D.C. Cir. 1984). Significantly, it is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis. Brown v. FBI, 658 F.2d 71, 75 (2d Cir.1981) (citing Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir.1975)). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" Davis v. U.S. Department of Justice, 968 F.2d 1276, 1282 (D.C. Cir.

1992) (quoting Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989)). The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." SafeCard Services, Inc., v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

Defendant avers that "[t]he plaintiff is not the individual named in the 'title' of either of the two investigative records which contained documents pertaining to him." Odegard Decl. ¶ 14. It withheld third-party identifying information of individuals who were the subject of the investigation as well as identifying information of personnel involved in the investigation.[1] Id. ¶ 27. Defendant avers that the release of such information "could subject [the third parties] to unwanted and even unlawful efforts to gain further access to them or [their] personal information." Id. It also asserts that disclosure could subject the individuals to "harassment or harm, exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case, all to their detriment." Id. Protection of the withheld information is categorically authorized for the reasons Ms. Odegard has advanced. See Lesar v. U.S. Department of Justice, 636 F.2d at 487 (finding legitimate interest in preserving the identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); Pray v. Department of Justice, 902 F. Supp. 1, 3 (D.D.C. 1995), aff'd in relevant part, 1996 WL 734142 (D.C. Cir. 1996) (finding the possibility of animosity toward FBI agents outweighed any possible benefit of disclosure); Perrone

---

[1] Defendant invoked Exemption 7(C) in conjunction with Exemption 7(F) to justify withholding information pertaining to law enforcement personnel. Because of the ruling below on Exemption 7(C), the Court need not address Exemption 7(F). It finds nonetheless that Defendant properly justified withholding the identifying information of law enforcement personnel for safety reasons. See Odegard Decl. ¶¶ 33-35.

v. FBI, 908 F. Supp. 24, 26 (D.D.C. 1995) (citations omitted) (finding individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files protected from disclosure).  Absent any suggestion of an overriding public interest warranting disclosure, the Court will grant Defendant's motion with respect to information withheld under Exemption 7(C).

### 2. Exemption 7(D)

Exemption 7(D) protects from disclosure those records or information compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D).  To properly apply Exemption 7(D), an agency must show either that a source provided the information to the agency under an express assurance of confidentiality or that the circumstances support an inference of confidentiality.  U.S. Department of Justice v. Landano, 508 U.S. 165, 179-81 (1993).  To demonstrate an express assurance of confidentiality, Defendant must present "'probative evidence that the source did in fact receive an express grant of confidentiality.'" Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 34 (D.C. Cir. 1998) (quoting Davin v. U.S. Dept. of Justice, 60 F.3d 1043, (3rd Cir. 1995)). "Such evidence can take a wide variety of forms, including notations on the face of a withheld document, the personal knowledge of an official familiar with the source, a statement by the source, or contemporaneous documents discussing practices or policies for dealing with the source or similarly situated sources." Id.  When considering an implied assurance of confidentiality, the proper inquiry is "whether the particular source spoke

with an understanding that the communication would remain confidential." U.S. Department of Justice v. Landano, 508 U.S. at 172. The government is not entitled to a presumption that all sources supplying information in the course of a criminal investigation are confidential sources. An implied grant of confidentiality may be inferred, however, from the circumstances surrounding the imparting of the information, including the nature of the criminal investigation and the informant's relationship to the target. Id; see also Computer Professionals for Social Responsibility v. United States Secret Service, 72 F.3d 897, 905-06 (D.C. Cir. 1996).

Defendant withheld the identities of and the information supplied by "coded confidential sources" and sources "not coded, but deemed to be confidential based on the circumstances surrounding the DEA's receipt of the information." Odegard Decl. ¶ 29. According to Ms. Odegard, "[c]oded confidential sources are informants who have a continuing cooperative association with DEA. [They] are expressly assured confidentiality in their identities and the information they provide to DEA. . . . They are assigned an identification code which is used in place of their name; this identification code is used in all DEA reports." Id. ¶ 30. Defendant properly justified withholding Document 17, described as a four-page DEA Form "reporting the debriefing of a coded confidential source," id. ¶ 17 Q, based on an express grant of confidentiality.[2]

As for the remaining information provided by sources not coded, the Court must determine if the circumstances are such that an implied assurance of confidentiality may be reasonably inferred. Ms. Odegard avers that "[t]he information provided by these confidential informants relates to drug trafficking and associated violent crimes. The plaintiff was sentenced to 28 years for drug trafficking

---

[2] Document 17 is the "one instance" in which Defendant contends that information was supplied on an express grant of confidentiality. Odegard Decl. ¶ 25 (discussing Exemption 2 in conjunction with Exemption 7(D)).

offenses." Id. ¶ 32. Plaintiff does not dispute Defendant's characterization of his crimes. In Mays v. Drug Enforcement Administration, 234 F.3d 1324, 1329-30 (D.C. Cir. 2000), the District of Columbia Circuit identified a narrow category of cases presenting "generic circumstances" where source confidentiality may be deemed automatic. Speaking "only of those informants who supply intelligence relating to the crime of conspiracy to distribute cocaine," id. at 1330, the D.C. Circuit concluded that "we have no doubt that a source of information about a conspiracy to distribute cocaine typically faces a sufficient threat of retaliation that the information he provides should be treated as implicitly confidential." Id. at 1330-31. In reaching this conclusion, the D.C. Circuit recognized the inherent violence and danger associated with drug trafficking activity. See id. at 1329-30. Absent any contrary evidence as to the nature of the crimes investigated here, the Court finds that the circumstances surrounding the sources' imparting of information about the criminal activity are such that an implied assurance of confidentiality may be reasonably inferred. The Court therefore will grant Defendant's motion with respect to Exemption 7(D).

### 3. Record Segregability

The Court is required to make a finding as to whether Defendant properly withheld 15 pages of information in their entirety. See Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). Defendant avers that the documents "were withheld [because] they contained private information about a third party, or . . . information provided by a confidential source. [The responsive information] is so inextricably intertwined with exempt information that it is impossible to release that information without identifying a third party through his or her name or conduct." Odegard Decl. ¶ 36. Defendant properly withheld four pages in their entirety described as pertaining only to third-party individuals. Odegard Decl. ¶¶ 17(D)-(E); see supra at 4-5 (discussing Exemption 7(C)). It properly withheld 10 pages described as containing information provided by confidential informants, id. ¶¶ 17(M)-(Q), inasmuch as

Exemption 7(D), by its terms, protects the identity of confidential sources and the information they supply.

Defendant's basis for withholding the entire second page of Document 20 is not clear. See Odegard Decl. ¶ 17(T). It describes the document as "reflecting 'Intelligence Information'" and the redacted information contained in the entire second page as "includ[ing] the information listed in part III below." Id. Part III, however, is a "Description of Redactions Applicable to Every Document." Id. at 10. The Court cannot determine which exemption(s) Defendant is invoking and therefore cannot reach a segregability finding on this withholding. Accordingly, Defendant's motion with respect to the second page of Document 20 will be denied.

For the preceding reasons, the Court grants in part and denies in part Defendant's motion for summary judgment. A separate Order accompanies this Memorandum Opinion.


July 13, 2005                                   /s/
                                                GLADYS KESSLER
                                                U.S. District Judge